19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Toyin A. JAMES, Defendant-Appellant.
 No. 93-55178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Toyin James appeals pro se the district court's summary judgment in favor of the United States in the government's action to collect on a defaulted student loan. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 On April 9, 1981, James executed a promissory note in the amount of $2,562 for the purpose of obtaining a loan to attend school. The loan was insured by the Department of Education under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. Sec. 1071 et seq.
 
 
 4
 The terms of the loan required him to begin repayment seven months after he ceased being a half-time student. James ceased being a half-time student on September 16, 1983, and defaulted on the loan. On September 13, 1991, the loan was assigned to the Department of Education pursuant to 20 U.S.C. Sec. 1087cc(a)(5). The amount due as of March 5, 1992, the date of the certificate of indebtedness, totalled $5,083.29.
 
 
 5
 James admits that he defaulted on the loan but disputes the calculation of interest. He contends that the Internal Revenue Service offset his interest obligation by the amount of his 1986 federal income tax overpayment. The government submitted the affidavit of a Department of Education employee stating that the Internal Revenue Service had not applied an income tax overpayment to offset this loan obligation.
 
 
 6
 As the district court found, the promissory note obligated James to pay interest in the amount of nine percent per year. Because James failed to offer evidence raising a genuine issue of material fact as to the amount he owed, the district court properly granted summary judgment in favor of the United States.[1] See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, James's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The exhibits to James's brief were not filed in the district court. Accordingly, they cannot be considered on appeal. See Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir.1988)